2000 ND 75

Arthur ASH, Victor Baumgartner, Simon Bosch, Jack Bullinger, Berndean Coppin, Claude Hudson, Emma Loeb, Reuben Magstadt, William Schell, Esther Schmidt, Dorothy Sigl, Donald Simenson, Elaine Speaks, and Anton Weichel, Claimants and Appellees,

v.

J. Patrick TRAYNOR, in his Official Capacity as Executive Director of the North Dakota Workers Compensation Bureau, and the State of North Dakota, acting through the North Dakota Workers Compensation Bureau, Appellants.

Nos. 990330, 990331.

Supreme Court of North Dakota.

April 10, 2000.

Dean J. Haas (argued), Dietz, Little & Haas, Bismarck, and Joseph F. Larson, II (on brief), Larson Law Firm, Jamestown, for claimants and appellees.

Brent J. Edison, Special Assistant Attorney General, Bismarck, for appellants.

Paul D. Johnson (on brief), North Dakota Trial Lawyers Association, Moorhead, for amicus curiae.

KAPSNER, Justice.

[¶ 1] The Workers Compensation Bureau appealed from a district court judgment reversing a Bureau order denying payment of attorney fees to claimants having fee agreements with their attorneys. We hold the Bureau must pay attorney fees, under N.D.C.C. § 65–02–08, to prevailing claimants who have fee agreements with their attorneys if the agreements require reimbursement to the claimants from the attorney fees paid by the Bureau. We affirm.

I

[¶ 2] The claimants retained private counsel to represent them in litigation with the Bureau over benefit payments. Some of the claimants had entered into written contracts agreeing to pay their attorneys, if successful in obtaining additional disabil-ity benefits from the Bureau, the greater of one-third of the benefits recovered or $3,600, which would be reduced "to the extent that the Bureau is obligated to pay a portion of the fee." Upon winning additional benefits from the Bureau, the claimants filed a motion requesting the district court to award them attorney fees under N.D.C.C. § 65–02–08. The court concluded the claimants had failed to make a formal request for fees from the Bureau and remanded the issue to the Bureau. Upon remand, the Bureau requested the Office of Administrative Hearings to conduct proceedings and issue a recommendation on the issue whether N.D.C.C. § 65–02–08 prevents the Bureau from paying attorney fees to claimants having fee agreements with their attorneys. An administrative law judge ("ALJ") construed the statute and recommended the Bureau deny payment of attorney fees to any claimant who has "an existing valid fee agreement with counsel relative to the same claim for the same legal services paid under the fee agreement." The Bureau accepted the recommendation and entered a final order on June 1, 1999, denying payment of attorney fees to those claimants having fee contracts with their attorneys. The claimants appealed to the district court, which concluded N.D.C.C. § 65–02–08 does not preclude claimants from entering fee agreements with their attorneys and also seeking reimbursement from the Bureau for all or part of the fees paid. The trial court entered a judgment reversing the Bureau's order and remanding to the Bureau for payment of attorney fees, and the Bureau appealed.

II

[¶ 3] The Bureau argues the judgment should be reversed, because "the ALJ's bifurcated order is not ripe for review and thus claimants have failed to exhaust their administrative remedies." We disagree. The Bureau entered a final order on June 1, 1999, adopting the ALJ's recommendation and denying payment of attorney fees under N.D.C.C. § 65–02–08.

The Bureau's decision that it had no obligation to pay the requested attorney fees terminated the issue. Having reached that conclusion, the Bureau had nothing more to decide. The Bureau's decision constituted a final order of an administrative agency from which the claimants were entitled to appeal to the district court under N.D.C.C. § 28–32–15. Subsequently, the trial court entered a final judgment reversing the Bureau's order, from which the Bureau was entitled to bring an appeal to this Court under N.D.C.C. § 28–32–21.

### III

■ [¶ 4] The dispositive substantive issue on appeal is whether N.D.C.C. § 65–02–08 "was violated when [the claimants' attorney] collected a one-third contingent fee from the claimants and billed the Bureau for the same legal services." In an appeal from a judgment involving the decision of an administrative agency, we review the decision of the agency, not the decision of the district court, and our review is limited to the record before the agency. *Stewart v. North Dakota Workers Comp. Bureau*, 1999 ND 174, ¶ 7, 599 N.W.2d 280. Questions of statutory construction are questions of law and are fully reviewable by this Court. *Lende v. North Dakota Workers' Comp. Bureau*, 1997 ND 178, ¶ 11, 568 N.W.2d 755.

[¶ 5] The general rule in workers compensation law is that each party pays his or her own attorney fees and costs unless a statute specifically provides otherwise. *Howes v. North Dakota Workers Comp. Bureau*, 429 N.W.2d 730, 736 (N.D.1988), *cert. denied*, 489 U.S. 1014, 109 S.Ct. 1126, 103 L.Ed.2d 189 (1989). Section 65–02–08, N.D.C.C., specifically provides for payment of attorney fees by the Bureau:

> All fees on claims for legal, medical, and hospital services rendered under this title to an injured employee must be in

accordance with schedules of fees adopted by the bureau.... The bureau shall pay an injured employee's attorney's fees and costs from the bureau general fund. Except for an initial determination of compensability, an attorney's fee may not exceed twenty percent of the amount awarded, subject to a maximum fee set by administrative rule. The bureau shall pay an attorney's fees when:

1. The employee has prevailed in binding dispute resolution under section 65–02–20; or

2. The employee has prevailed after an administrative hearing under chapter 28–32.

This section does not prevent an injured employee or an employer from hiring or paying an attorney; however, *the employee's attorney may not seek or obtain costs or attorney's fees from both the bureau and the employee relative to the same services.*[1] All disputes relating to payment or denial of an attorney's fee must be submitted to the hearing officer or arbitrator for decision.

[Emphasis added.]

■ [¶ 6] The primary objective of statutory construction is to ascertain the intent of the legislature. *Lende*, 1997 ND 178, ¶ 12, 568 N.W.2d 755. In ascertaining legislative intent, we look first to the words used in the statute, giving them their ordinary, plain-language meaning. *State v. Burr*, 1999 ND 143, ¶ 12, 598 N.W.2d 147. A statute which is susceptible to differing but rational meanings is ambiguous. *Werlinger v. Champion Healthcare Corp.*, 1999 ND 173, ¶ 44, 598 N.W.2d 820. When a statute is ambiguous, we look to the object sought to be obtained and to the circumstances under which the statute was enacted to determine the legislative intent. *Haff v. Hettich*, 1999 ND 94, ¶ 44, 593 N.W.2d 383.

---

1. In 1997 the legislature changed this phrase to read "... relative to the same claim." S.L.1997, ch. 533, § 2. The commencement of legal services rendered in this case began prior to the effective date of this amendment, and we do not, therefore, interpret this version of the statute.

We construe statutes as a whole to give each provision meaning and effect. *Little v. Traynor*, 1997 ND 128, ¶ 37, 565 N.W.2d 766.

■ [¶ 7] N.D.C.C. § 65–02–08 clearly requires the Bureau to pay a prevailing claimant's attorney fees in accordance with a schedule of fees adopted by the Bureau. We conclude, however, the statute is susceptible to rational different meanings and, therefore, is ambiguous about payment of attorney fees by both the Bureau and the claimant relative to the same services. The Bureau argues a claimant's attorney cannot seek any payment of fees from the client if the attorney seeks fees from the Bureau. The claimants argue the statute only prohibits an attorney from seeking and obtaining double fees from the client and the Bureau for the same services. They contend the statute permits an attorney to contract for a fee from the client and to also seek and obtain statutory fees from the Bureau, providing the attorney fully reimburses the client for the amount of statutory fees collected from the Bureau. While we believe both viewpoints are rational interpretations of the statute, we conclude the claimants' interpretation is the more reasoned construction of the statute and better fosters its purpose and objectives.

■ [¶ 8] The purpose of the Workers Compensation Act is to provide sure and certain relief for workers injured in their employment, and we construe the Act with the view of extending its benefit provisions to all who can fairly be brought within them. *Holmgren v. North Dakota Workers Comp. Bureau*, 455 N.W.2d 200, 202 (N.D.1990). The Act is remedial, and we construe it to afford relief and to avoid forfeiture. *Zueger v. North Dakota Workers Comp. Bureau*, 1998 ND 175, ¶ 12, 584 N.W.2d 530. The Bureau concedes the purpose of N.D.C.C. § 65–02–08 is to benefit claimants by adding an attorney fee payment to the injured worker's benefit recovery. However, the Bureau argues its interpretation of N.D.C.C.

§ 65–02–08 is most favorable to claimants, because it precludes an attorney, who obtains a Bureau payment of fees, from collecting additional fees from the client. When an injured worker can find an attorney to represent him or her in Bureau proceedings for the statutory fees, the client is benefitted by not having to pay additional fees. However, an injured worker unable to find an attorney willing to represent him or her for the statutory fee would be, under the Bureau's interpretation of the statute, disadvantaged by having to either forego representation or to agree to pay the entire attorney fee, without possibility of reimbursement of any part of the fee by the Bureau.

[¶ 9] Under the claimants' interpretation of the statute, the injured worker is free to enter a fee agreement with his or her attorney, and, if the claim is successful, will be reimbursed the statutory attorney fee rate from the Bureau. Under the claimants' interpretation, the collected statutory fees must be reimbursed to the injured worker, for whose benefit the statute was enacted. Under this construction of the statute, an injured employee could freely contract for legal services with an attorney, without forfeiting the attorney fee benefit provided under the statute. When the claimant pays attorney fees, the statute would prohibit the attorney from "double dipping" by also receiving fees from the Bureau, but the statute would not prohibit the prevailing claimant from obtaining full or partial reimbursement of the attorney fees from the Bureau.

[¶ 10] In an analogous case, the United States Supreme Court in *Venegas v. Mitchell*, 495 U.S. 82, 90, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990), construed the attorney fee provisions under 42 U.S.C. § 1988 for plaintiffs bringing civil rights actions. The statute authorized a federal court to award a prevailing plaintiff reasonable attorney fees as part of the costs of the action. While recognizing the aim of the statute was "to enable civil right plaintiffs to employ reasonably competent lawyers

without cost to themselves if they prevail," *Venegas*, at 86, 110 S.Ct. 1679, the United State Supreme Court concluded the statute did not preclude a plaintiff from contracting to pay his or her attorney a percentage of the recovery, even if the fee was larger than the statutory fee the losing defendant was required to pay to the plaintiff. *Id.* at 89–90, 110 S.Ct. 1679. Focusing upon the statute's primary objective to assist plaintiffs in employing counsel to represent them, the Court stated:

> [D]epriving plaintiffs of the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice would not further § 1988's general purpose of enabling such plaintiffs in civil rights cases to secure competent counsel.

> In sum, § 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer.

*Id.* While containing different language, 42 U.S.C. § 1988, and N.D.C.C. § 65-02-08 have the identical purpose of assisting injured parties in securing competent representation. We agree with the United States Supreme Court in *Venegas* the statutory purpose would not be furthered by depriving a plaintiff of the option of paying an attorney more than the statutory fee.

[¶ 11] The ambiguous language of N.D.C.C. § 65-02-08 must be construed to further its purpose of assisting injured workers in hiring and paying for competent representation. We, therefore, hold the statute only prohibits an attorney from receiving double fees from the client and the Bureau for legal services rendered to an injured employee. It does not prohibit an injured employee from entering a fee agreement with an attorney and then, upon prevailing in the case, seeking full or partial reimbursement from the Bureau, in the amount of the statutory fees allowed under the statute.

[¶ 12] The judgment of the district court is affirmed, and the case is remanded to the Bureau to award statutory attorney fees under N.D.C.C. § 65-02-08.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and WILLIAM A. NEUMANN, JJ., and DONOVAN FOUGHTY, D.J., concur.

[¶ 14] DONOVAN FOUGHTY, D.J., sitting in place of SANDSTROM, J., disqualified.