2006 ND 221

**Mark A. ROJAS, Claimant and Appellant,**

v.

**WORKFORCE SAFETY AND INSURANCE, Appellee,**

and

**Holland Enterprises, Inc., Respondent.**

No. 20060087.

Supreme Court of North Dakota.

Oct. 23, 2006.

Stephen D. Little, Dietz & Little Lawyers, Bismarck, N.D., for claimant and appellant.

Jacqueline Sue Anderson, Special Assistant Attorney General, Fargo, N.D., for appellee.

MARING, Justice.

[¶ 1] Mark Rojas appeals from a district court judgment affirming a decision by Workforce Safety & Insurance ("WSI") to pay only a portion of Rojas's claimed attorney's fees, and denying his motion for further attorney's fees. We reverse and remand.

## I

[¶ 2] In January 2000, while Rojas was working as an over-the-road truck driver, he injured his knee when he slipped on ice at a truck stop. Rojas filed a claim for workers compensation benefits, and WSI accepted the claim and paid medical and disability benefits. WSI claimed it mailed Rojas a Notice of Intention to Discontinue/Reduce Benefits ("NOID") in May 2000. Rojas claimed he never received the NOID. Rojas's benefits were terminated on May 31, 2000.

[¶ 3] After his benefits were terminated, Rojas contacted WSI and was told the decision to terminate his disability benefits was final and his only option was to reapply for benefits. In June 2001, Rojas reapplied for disability benefits, and in July 2001, WSI denied his reapplication. Rojas requested reconsideration and a formal hearing.

[¶ 4] A hearing before an administrative law judge ("ALJ") was held in August 2003. The ALJ found Rojas had never received the NOID, and also concluded Rojas was entitled to ongoing disability benefits from May 2001, because he had met the burden for reapplication of disability benefits.

[¶ 5] WSI adopted the ALJ's finding that Rojas did not receive the NOID, but rejected the ALJ's findings that Rojas met the burden for reapplication of disability benefits. WSI concluded Rojas failed to show he was entitled to any further disability benefits under the reapplication statute.

[¶ 6] Rojas appealed WSI's final order to the district court. The district court reversed the order and directed WSI to reinstate the ALJ's recommended decision. WSI appealed. In *Rojas v. Workforce Safety and Ins.*, 2005 ND 147, ¶ 16, 703 N.W.2d 299, we held WSI's termination of Rojas's ongoing disability benefits, when Rojas had not received notice or had the opportunity to respond, violated due process. We also concluded that the reapplication statute is only applicable when a claimant's prior benefits have been validly terminated, and because Rojas's benefits were not validly terminated, the reapplication statute was not applicable and the ALJ should not have limited reinstatement of benefits to the period beginning May 2001. *Id.* at ¶ 18. We modified the district court's judgment to direct WSI to enter an order reinstating Rojas's disability benefits from May 31, 2000, and prospectively, and affirmed the judgment as modified. *Id.* at ¶ 22.

[¶ 7] After the appeal, Rojas submitted a request to WSI for payment of $19,679.83 in attorney's fees and costs.

WSI paid Rojas $9,876.83 for costs and attorney's fees, which WSI determined was the maximum amount it could pay under the fee cap provided in N.D.C.C. §§ 65–02–08 and 65–10–03, the statutes providing the procedure for payment of attorney's fees in WSI cases.

[¶ 8] Rojas petitioned the district court for payment of attorney's fees under N.D.C.C. § 28–32–50, which governs payment of attorney's fees in civil judicial proceedings against administrative agencies. The district court affirmed WSI's decision and denied Rojas's motion, concluding N.D.C.C. §§ 65–02–08 and 65–10–03 conflict with and supersede N.D.C.C. § 28–32–50 for actions involving WSI.

## II

[¶ 9] Section 65–02–08, N.D.C.C., authorizes an award of attorney's fees to a prevailing injured employee in WSI proceedings:

The organization shall establish, by administrative rule, costs payable, maximum costs, a reasonable maximum hourly rate, and a maximum fee to compensate an injured employee's attorney for legal services following issuance of an administrative order reducing or denying benefits.... Except for an initial determination of compensability, an attorney's fee may not exceed twenty percent of the amount awarded, subject to a maximum fee set by administrative rule. The organization shall pay an attorney's fees and costs when:

1. The employee has prevailed in binding dispute resolution under section 65–02–20.

2. The employee has prevailed after an administrative hearing under chapter 28–32.

An injured employee has prevailed only when an additional benefit, previously denied, is paid. An injured employee does not prevail on a remand for further action or proceedings unless that employee ultimately receives an additional benefit as a result of the remand. This section does not prevent an injured employee or an employer from hiring or paying an attorney; however, the employee's attorney may not seek or obtain costs or attorney's fees from both the organization and the employee relative to the same claim.

[¶ 10] Section 65–10–03, N.D.C.C., authorizes an award of attorney's fees to an injured employee who prevails on a judicial appeal:

The organization shall pay the cost of the judicial appeal and the attorney's fee for an injured employee's attorney when the employee prevails. The employee has prevailed when any part of the decision of the organization is reversed and the employee receives an additional benefit as a result. An injured employee does not prevail on a remand for further action or proceedings unless the injured employee ultimately receives an additional benefit.... The amount of the attorney's fee must be determined in the same manner as prescribed by the organization for attorney's fees, and the amount of attorney's fee already allowed in administrative proceedings before the organization must be taken into consideration. The organization shall establish, pursuant to section 65–02–08, a maximum fee to be paid in an appeal. The maximum fee may be exceeded upon application of the injured employee to the organization, upon a finding that the claim had clear and substantial merit, and that the legal or factual issues involved in the appeal were unusually complex, but a court may not order that the maximum fee be exceeded.

[¶ 11] Section 28–32–50, N.D.C.C., authorizes an award of attorney's fees in any

civil judicial proceeding against an administrative agency:

> In any civil judicial proceeding involving as adverse parties an administrative agency and a party not an administrative agency or an agent of an administrative agency, the court must award the party not an administrative agency reasonable attorney's fees and costs if the court finds in favor of that party and, in the case of a final agency order, determines that the administrative agency acted without substantial justification.

[¶ 12] The district court concluded the provisions for attorney's fees in N.D.C.C. §§ 65–02–08 and 65–10–03 conflicted with N.D.C.C. § 28–32–50 and could not be harmonized, because § 28–32–50 leaves the amount of attorney's fees to the discretion of the court and §§ 65–02–08 and 65–10–03 provide for the creation of a specific schedule of fees to be followed and limit the amount the claimant may be awarded. The court concluded §§ 65–02–08 and 65–10–03 are special provisions that control in cases involving WSI, and could not be harmonized with the general provision of § 28–32–50, which applies to any civil judicial proceeding against an administrative agency.

[¶ 13] The application and interpretation of statutes are questions of law fully reviewable by this Court. *Rydberg v. Rydberg*, 2004 ND 73, ¶ 10, 678 N.W.2d 534. The primary objective in interpreting a statute is to determine the Legislature's intent. *BASF Corp. v. Symington*, 512 N.W.2d 692, 695 (N.D.1994). To determine the Legislature's intent we compare every section of the statute as a part of the whole, and give meaning, if possible, to every word, phrase, and sentence. *Id.* "[W]e interpret statutes in context and in relation to others on the same subject to give meaning to each without rendering one or the other useless." *Id.* at

696. Whenever possible, we harmonize statutes to avoid conflict between them. *Id.* Only when conflicting statutes cannot be harmonized and are irreconcilable will the special provision prevail and be construed as an exception to the general provision. N.D.C.C. § 1–02–07; *In re K.G.*, 551 N.W.2d 554, 556 (N.D.1996). We follow the "cardinal rule" of statutory construction that, "our 'interpretation must be consistent with legislative intent and done in a manner which will accomplish the policy goals and objectives of the statutes.'" *In re K.G.*, at 556 (quoting *O'Fallon v. Pollard*, 427 N.W.2d 809, 811 (N.D. 1988)). We presume the Legislature did not intend an unreasonable result or unjust consequence. N.D.C.C. § 1–02–38(3).

[¶ 14] Sections 65–02–08 and 65–10–03, N.D.C.C., are very specific and apply only to actions against WSI when an injured employee's benefits have been reduced or denied. Section 28–32–50, N.D.C.C., generally applies to any civil judicial proceeding against an administrative agency. Although each of these statutes governs awards of attorney's fees, they apply in different situations. Sections 65–02–08 and 65–10–03, N.D.C.C., essentially guarantee an automatic award of attorney's fees when an injured employee prevails against WSI. Section 28–32–50, N.D.C.C., however, represents a middle ground between an automatic award of attorney's fees to a party who prevails in a judicial action against an administrative agency and an award of attorney's fees for claims that are essentially frivolous or meritless. *Aggie Invs. GP v. Public Serv. Comm'n*, 470 N.W.2d 805, 814 (N.D.1991). Sections 65–02–08 and 65–10–03, N.D.C.C., guarantee an automatic award of attorney's fees to the prevailing party, but N.D.C.C. § 28–32–50 requires the party to not only prevail but also requires proof that the agency acted without substantial justification.

Furthermore, the language of N.D.C.C. § 28–32–50 is expansive and inclusive, and does not exclude actions against WSI. We conclude these statutes are not irreconcilable and apply in different situations, and therefore can be harmonized.

[¶ 15] Moreover, our interpretation is consistent with the Legislature's intent and accomplishes the statutes' goals and objectives. The purpose of N.D.C.C. § 28–32–50 is to ensure that private parties are not deterred from challenging unreasonable government action because of the expense involved, and to deter an administrative agency from taking a position that lacks substantial justification. *See generally Hearing on S.B. 2403 Before the Senate Judiciary Comm.*, 49th N.D. Legis. Sess. (Feb. 6, 1985). The purpose of Workforce Safety and Insurance law is "to provide sure and certain relief for workers injured in their employment," and the purpose of N.D.C.C. § 65–02–08 is to benefit injured employees by adding an attorney's fees payment to the employee's benefit recovery to ensure the employee will not be deterred from disputing WSI's decision, when warranted, due to the high cost of litigation. *Ash v. Traynor*, 2000 ND 75, ¶¶ 8–10, 609 N.W.2d 96. Sections 65–02–08 and 65–10–03, N.D.C.C., have fee caps, which the Legislature intended to use to control costs within the WSI system and reduce unwarranted litigation. *Little v. Traynor*, 1997 ND 128, ¶ 22, 565 N.W.2d 766. In cases such as this, however, where an injured employee alleges WSI acted without substantial justification in reducing or denying benefits, we cannot conclude the intent of the Legislature is met by limiting the award of attorney's fees. The statutory fee caps will not reduce unwarranted litigation, since the litigation is in response to WSI's unjustified conduct, and the fee cap would harm the employee by encouraging WSI to act in an unreasonable manner in the hopes that the employee will not pursue litigation due to the high cost.

[¶ 16] Sections 65–02–08 and 65–10–03, N.D.C.C. and § 28–32–50, N.D.C.C., are not irreconcilable, and the goals and intent of the Legislature can be harmonized. We conclude a prevailing injured employee is entitled to attorney's fees in actions against WSI under N.D.C.C. §§ 65–02–08 and 65–10–03 up to the statutory limit, but when WSI denies or reduces the employee's benefits without substantial justification, N.D.C.C. § 28–32–50 may be applied to award the employee reasonable attorney's fees.

[¶ 17] Section 28–32–50, N.D.C.C., will not apply in all WSI cases; rather, it is only applicable in rare cases when WSI's actions lack substantial justification. Substantial justification means, " 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.' " *Aggie*, 470 N.W.2d at 814 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). A position is substantially justified if a reasonable person could think the position is correct, and the position has a reasonable basis in law and fact. *Aggie*, at 814. The rationale behind this statute was to provide individuals and small businesses on the state level the same relief provided by Congress in the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412 (2006). *See Hearing on S.B. 2403 Before the House Judiciary Comm.*, 49th N.D. Legis. Sess. (Mar. 11, 1985) (testimony of Myron Nelson). The language of N.D.C.C. § 25–32–50 was based on the language used in the EAJA for the specific purpose of using federal interpretations of the statute as a guide in interpreting our statute. *Aggie*, at 814. The U.S. Supreme Court has held that under § 2412(d)(1)(A), of the EAJA, the burden is on the Govern-

ment to prove that its position in the underlying litigation was substantially justified, because the purpose of the legislation is to ensure individuals will not be deterred from seeking review of unjustified governmental action because of the expense involved and that strong deterrent requires that the burden of proof rest with the Government. *Scarborough v. Principi*, 541 U.S. 401, 406 and 414–15, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004). Therefore, we conclude the burden is on the agency to prove it acted with substantial justification.

[¶ 18] We reverse the judgment, concluding the district court erred in determining N.D.C.C. § 28–32–50 cannot be applied in WSI cases. We will not decide whether WSI acted without substantial justification and whether Rojas should be awarded reasonable attorney's fees under N.D.C.C. § 28–32–50, because that discretionary determination must initially be made by the district court. *Lamplighter Lounge Inc. v. State*, 523 N.W.2d 73, 75 (N.D.1994). On remand the district court must apply N.D.C.C. § 28–32–50 and determine whether WSI acted without substantial justification, warranting an award of additional attorney's fees.

[¶ 19] GERALD W. VANDE WALLE, C.J., and BENNY A. GRAFF, S.J., and EVERETT NELS OLSON, S.J., concur.

[¶ 20] The Honorable EVERETT NELS OLSON, S.J., and the Honorable BENNY A. GRAFF, S.J. sitting in place of SANDSTROM, J., and CROTHERS, J. disqualified.

KAPSNER, Justice, dissenting.

[¶ 21] I respectfully dissent.

[¶ 22] The district judge held on the issue of attorney fees:

The two statutes conflict in that one leaves the amount of attorney's fees to the discretion of the Court and the other

provides for the creation of a specific schedule of fees to be followed and a cap on the amount that may be awarded. The North Dakota Supreme Court has stated that "when two statutes relating to the same subject matter appear to be in conflict, they should whenever possible be construed to give effect to both if such can be done without doing violence to either." *City of Bismarck v. Fettig*, 1999 ND 193, ¶ 14, 601 N.W.2d 247. In addition, "[w]hen there is a conflict between statutes, we construe specific statutes to control general statutes." *Id.* at ¶ 15 (citing *Haff v. Hettich*, 1999 ND 94, ¶ 34, 593 N.W.2d 383). This follows North Dakota law which states:

> Whenever a general provision in a statute is in conflict with a special provision in the same or in another statute, the two must be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision must prevail and must be construed as an exception to the general provision, unless the general provision is enacted later and it is the manifest legislative intent that such general provision shall prevail.

N.D.C.C. § 1–02–07 (1987).

... Because Title 65 governs a more specific and narrowly defined area, it would follow that sections 65–02–08 and 65–10–03 would be considered more specific provisions that must control in cases involving the WSI over the more general provisions found under Chapter 28–32.

[¶ 23] I am persuaded that the district court was correct.

[¶ 24] Any possibility that the two statutes can be read harmoniously is removed

by the explicit language of N.D.C.C. § 65–10–03:

> The maximum fee may be exceeded upon application of the injured employee to the organization, upon a finding that the claim had clear and substantial merit, and that the legal or factual issues involved in the appeal were unusually complex, but a court may not order that the maximum fee be exceeded.

*See also* N.D.C.C. § 65–02–08 providing that "a hearing officer or arbitrator may not order that the maximum fees be exceeded."

[¶ 25] If the legislature had intended an exception for cases under N.D.C.C. § 28–32–50, it would not have stated "a court may not order that the maximum fee be exceeded." Instead, the legislature provided that in cases of "clear and substantial merit," a claimant can apply to WSI for a fee in excess of the maximum fees. This may be such a case. However, application to WSI is the correct manner for achieving such a result.

[¶ 26] I would affirm the judgment of the district court.

[¶ 27] CAROL RONNING KAPSNER