FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
SEPTEMBER 16, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 166

State of North Dakota by and through

Workforce Safety and Insurance,                                    Appellant

     v.

Badger Roustabouts, LLC,                                               Appellee

## No. 20210022

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED IN PART, AND REVERSED IN PART.

Opinion of the Court by Jensen, Chief Justice.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for appellant.

Jonathon Yunker, Devils Lake, ND, for appellee.

**Jensen, Chief Justice.**

[¶1]   Workforce Safety and Insurance (WSI) appeals from a district court order and judgment affirming an administrative law judge's (ALJ) order reversing a WSI order. The reversed WSI order had determined Badger Roustabouts was an employer of individuals providing roustabout services. In addition to affirming the ALJ's order, the court awarded attorney's fees to Badger under N.D.C.C. § 28-32-50. We affirm the judgment affirming the ALJ's order and reverse the court's award of attorney's fees.

I

[¶2]   Badger is a limited liability corporation that has provided roustabouts to oil drilling companies since 2012. Judd Sturm owns Badger. At the times relevant to this case, Badger provided roustabouts exclusively to Continental Resources, Inc. under a Master Service Contract between Badger and Continental.

[¶3]   In October 2018, WSI issued a notice of decision determining an employer-employee relationship existed between Badger Roustabouts and Thomas Quandt. The notice also determined Badger was the employer of other workers similarly situated to Quandt. Badger and Quandt requested reconsideration.

[¶4]   In April 2019, WSI issued an administrative order concluding Badger was an employer of Quandt and the similarly situated workers, Badger was liable for payment of worker's compensation premiums, and Badger's officers—Judd Sturm and Michelle Sturm—were personally liable for unpaid workers' compensation premium, penalties, interest, and costs owed by Badger in the amount of $3,041.27. Badger requested a hearing before an ALJ.

[¶5]   In January 2020, an administrative hearing was held before an ALJ. In May 2020, the ALJ issued final findings of fact, conclusions of law, and an order reversing WSI's April 2019 order. On the evidence presented at the evidentiary

hearing, the ALJ found Badger had rebutted the statutory presumption that Quandt was an employee. In applying the twenty common-law factors and the right to control test, the ALJ concluded Quandt was an independent subcontractor of Badger, rather than Badger's employee. The ALJ concluded Badger is not liable for payment of worker's compensation premiums for Quandt or any of the similarly situated workers. The ALJ also reversed the determination that Badger's officers were personally liable for unpaid premiums.

[¶6] WSI appealed the ALJ's final order to the district court. After a September 2020 hearing, the court entered an order affirming the ALJ's decision. The court concluded the ALJ's findings are reasonable and not against the weight of the evidence. Badger applied for an award of attorney's fees, to which WSI objected. In January 2021, the court entered an order and judgment awarding Badger its attorney's fees and expenses.

II

[¶7] Under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, courts exercise limited appellate review of an administrative agency final order. *State by and through Workforce Safety & Ins. v. Questar Energy Servs., Inc.*, 2017 ND 241, ¶ 6, 902 N.W.2d 757. Under N.D.C.C. §§ 28-32-46 and 28-32-49, the district court and this Court must affirm an agency order unless:

> 1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of this chapter have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.
> 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.

[¶8]   In reviewing an ALJ's findings of fact, a court may not make independent findings of fact or substitute its judgment for the ALJ's findings; rather, the court must decide only whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record. *Questar*, 2017 ND 241, ¶ 7 (citation omitted); *see also Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D. 1979). Similar deference is given to an independent ALJ's factual findings because the ALJ has the opportunity to observe and assess witnesses' credibility and resolve conflicts in the evidence. *Questar*, at ¶ 7. A court reviews the independent ALJ's legal conclusions in the same manner as legal conclusions generally, and questions of law are fully reviewable. *Id.*

[¶9]   "Whether a worker is an independent contractor or an employee is a mixed question of fact and law." *State ex rel. Workforce Safety & Ins. v. Larry's On Site Welding*, 2014 ND 81, ¶ 14, 845 N.W.2d 310 (quoting *Matter of BKU Enters., Inc.*, 513 N.W.2d 382, 387 (N.D. 1994)). "In reviewing a mixed question of fact and law, the underlying predicate facts are treated as findings of fact, and the conclusion whether those facts meet the legal standard is a question of law." *Id.* "Whether an employer has retained the right to direct and control the services performed by workers is a finding of fact." *Id.*; *see also Questar*, 2017 ND 241, ¶ 9.

III

[¶10] Section 65-01-03(1), N.D.C.C., provides a presumption that a worker is an employee: "Each individual who performs services for another for remuneration is presumed to be an employee of the person for which the services are performed, unless it is proven that the individual is an independent contractor under the common-law test." A party asserting that an

3

individual is an independent contractor has the burden of proving that fact. *Id.* In *Larry's On Site Welding*, 2014 ND 81, ¶ 17, this Court further explained:

> "[T]he label the parties place on the relationship is not determinative. It is how the relationship between the parties actually operates which is important." *Midwest Prop. Recovery, Inc. v. Job Serv. of N.D.*, 475 N.W.2d 918, 923 (N.D. 1991). "The central question in determining whether an individual is an employee or independent contractor is: Who is in control?" *Myers-Weigel Funeral Home v. Job Ins. Div. of Job Serv. N.D.*, 1998 ND 87, ¶ 9, 578 N.W.2d 125; *see also Matter of BKU Enterprises, Inc.*, 513 N.W.2d 382, 385 (N.D. 1994) (stating, "the common law test focuses upon the employer's right to direct and control the means and manner of performing the work").

[¶11] WSI has promulgated N.D. Admin. Code § 92-01-02-49(1)(a), delineating the common-law test:

> An employment relationship exists when the person for whom services are performed has the right to control and direct the individual person who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. It is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if the employer has the right to do so. The right to discharge is a significant factor indicating that the person possessing that right is an employer. The right to terminate a contract before completion to prevent and minimize damages for a potential breach or actual breach of contract does not, by itself, establish an employment relationship. Other factors indicating an employer-employee relationship, although not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work to the person who performs the services. The fact that the contract must be performed at a specific location such as building site, does not, by itself, constitute furnishing a place to work if the nature of the work to be done precludes a separate site or is the customary practice in the industry. If a person is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, the person will likely be an independent contractor. A

4

person performing services as an independent contractor is not as to such services an employee.

[¶12] Section 92-01-02-49(1)(b), N.D. Admin. Code, contains twenty factors as a guide for determining whether a worker is an independent contractor or an employee. *Cf.* N.D. Admin. Code § 27-02-14-01(5)(b) ("The degree of importance of each factor varies depending on the occupation and the factual context in which the services are performed."). Under N.D. Admin. Code § 92-01-02-49(2), eight of the factors are given more weight in deciding whether an employer-employee relationship exists: integration; continuing relationship; significant investment; realization of profit or loss; working for more than one firm at a time; making services available to the general public; right to dismissal; and the right to termination. *See Larry's On Site Welding*, 2014 ND 81, ¶ 18.

IV

[¶13] WSI argues that the ALJ misapplied N.D.C.C. § 65-01-03 and N.D. Admin. Code § 92-01-02-49 in deciding Badger had rebutted the presumption of employee status of Quandt and other roustabouts. The primary focus of WSI's argument is that Quandt was doing the "same type of work" as some of Badger's other roustabouts who were treated as employees and that Badger did not rebut the statutory presumption of employment and prove the roustabouts who received remuneration for services under Badger's MSC with Continental were, in fact, independent contractors. WSI asserts that the evidence showed no material differences between the work performed by Badger's roustabouts, whether designated as an employee or an independent contractor, and all workers took their direction from the same person at the worksite, *i.e.*, the "company man." WSI argues the ALJ's legal analysis of the common-law factors is erroneous because there was no material distinction as to how the services were performed by workers that Badger classified as employees and those classified as independent contractors. WSI contends Badger did not meet its burden to rebut the presumption under N.D.C.C. § 65-01-03.

[¶14] WSI specifically argues on appeal that the ALJ misapplied the law with respect to factors 3 (integration), 6 (continuing relationship), 15 (significant

5

investment), 16 (realization of profit or loss), 17 (working for more than one firm at a time), 18 (making services available to general public), 19 (right of dismissal) and 20 (right to terminate). WSI also contends the ALJ erred in applying the non-weighted factors under N.D. Admin. Code § 92-01-02-49(1)(b). WSI makes specific arguments that the ALJ erred in analyzing factors 1 (instructions), 2 (training), 4 (services rendered personally), 5 (hiring, supervising and paying assistants), 7 (set hours of work), 11 (oral and written reports), 13 (payment of business or traveling expenses), and 14 (furnishing tools and materials). WSI argues the ALJ erred in applying the factors and the analysis is not in accordance with the law. WSI contends the ALJ's findings are erroneous because they were made without regard to the overall facts of the case and because there is no material difference between Quandt and Badger's other employees. WSI argues that the ALJ's decision must be reversed as a matter of law because the ALJ applied the incorrect legal analysis.

[¶15] WSI further argues the ALJ could not reasonably conclude Badger had rebutted the presumption under N.D.C.C. § 65-01-03 because no material distinctions exist between the roustabouts classified as employees and the independent contractors. WSI asserts the testimony of Quandt, Sturm, and Badger's other employees, established no material difference in the work performed at the site or benefits of the position regardless of whether Badger considered the worker an "employee" or an "independent contractor." WSI contends equivocal or insufficient evidence cannot rebut the presumption of employee status and the reasoning mind standard of review requires the ALJ's decision be based "on the entire record."

[¶16] Here, WSI's argument on appeal suggests the ALJ's decision failed to make findings regarding the "entire record." Generally, an agency must consider the entire record, sufficiently address the evidence, and adequately explain its reasons for disregarding evidence presented to it by the appellant. *See Swenson v. Workforce Safety & Ins. Fund*, 2007 ND 149, ¶ 26, 738 N.W.2d 892; *see also* N.D.C.C. § 28-32-46(7). Regarding the ALJ's findings on the specific predicate facts, however, the standard of review requires only that a reasoning mind reasonably could have determined the findings were proven by

6

the weight of the evidence from the entire record. *See Larry's On Site Welding*, 2014 ND 81, ¶ 14.

[¶17] On the basis of our review of the record and the ALJ's specific findings on the common-law factors, the ALJ considered the credibility and testimony of the evidence and witnesses presented at the administrative hearing and made requisite findings on the predicate facts. Under our deferential review of the ALJ's findings, we conclude that the ALJ did not err in the ultimate conclusion that Quandt is an independent contractor. We therefore affirm the ALJ's decision.

V

[¶18] WSI argues the district court erred in awarding attorney's fees under N.D.C.C. § 28-32-50. This section provides, in part:

> 1. *In any civil judicial proceeding* involving as adverse parties an administrative agency and a party not an administrative agency or an agent of an administrative agency, the court must award the party not an administrative agency reasonable attorney's fees and costs if the court finds in favor of that party and, *in the case of a final agency order*, determines that the administrative agency acted without substantial justification.
> 2. *This section applies to an administrative or civil judicial proceeding brought by a party not an administrative agency against an administrative agency for judicial review of a final agency order*, or for judicial review pursuant to this chapter of the legality of agency rulemaking action or a rule adopted by an agency as a result of the rulemaking action being appealed.

(Emphasis added.)

[¶19] WSI contends, based on the plain language, N.D.C.C. § 28-32-50 does not apply to this "administrative proceeding." WSI argues that attorney's fees are not payable under N.D.C.C. § 28-32-50(1), contending this is not a "civil judicial proceeding" because it is an administrative appeal filed by WSI for review of a final ALJ decision, or under N.D.C.C. § 28-32-50(2), which is limited to appeals "brought by a party not an administrative agency." WSI argues alternatively

7

that, even if N.D.C.C. § 28-32-50 does apply, the district court erred in concluding WSI acted without "substantial justification" in pursuing this case.

[¶20] This Court has explained "[N.D.C.C. § 28-32-50] authorizes attorney fees '[i]n any civil judicial proceeding' for 'judicial review of a final agency order,' if the court finds in favor of the nonagency party and, in the case of a final agency order, determines the agency acted without substantial justification." *Singha v. N.D. State Bd. of Med. Exam'rs*, 1998 ND 42, ¶ 36, 574 N.W.2d 838 (quoting *Medcenter One, Inc. v. N.D. Bd. of Pharm.,* 1997 ND 54, ¶ 26, 561 N.W.2d 634). A nonagency party must meet a two-part test under the statute: 1) the non-administrative agency party must prevail, and 2) the agency must have acted without substantial justification. *Singha*, at ¶ 37; *see also Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶ 24, 821 N.W.2d 760; *Drayton v. Workforce Safety & Ins.*, 2008 ND 178, ¶ 38, 756 N.W.2d 320; *Rojas v. Workforce Safety & Ins.*, 2006 ND 221, ¶ 14, 723 N.W.2d 403.

[¶21] In *Rojas*, 2006 ND 221, ¶¶ 11-18, this Court specifically discussed N.D.C.C. § 28-32-50(1) and concluded the district court erred in determining N.D.C.C. § 28-32-50 cannot be applied in WSI cases. We held the statute may be applied to award an employee reasonable attorney's fees when WSI denies or reduces an employee's benefits without substantial justification. *Rojas*, at ¶ 16. "Substantial justification means, justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Drayton*, 2008 ND 178, ¶ 38 (quoting *Rojas*, at ¶ 17). "A position is substantially justified if a reasonable person could think the position is correct, and the position has a reasonable basis in law and fact." *Rojas*, at ¶ 17. "[W]hether the agency acted with substantial justification is discretionary with the district court, and we apply an abuse of discretion standard on appeal." *Tedford v. Workforce Safety & Ins.*, 2007 ND 142, ¶ 26, 738 N.W.2d 29.

[¶22] Consistent with N.D.C.C. § 28-32-50(1) and our decision in *Rojas*, we conclude WSI's appeal of the ALJ's order to the district court is a "civil judicial proceeding" involving a nonagency adverse party, *i.e.*, the employer, for judicial review of a "final agency order." Under current law, the administrative law judge's order constitutes WSI's "final agency order" for purposes of appeal to

the district court. *See* N.D.C.C. §§ 65-02-22.1 ("Notwithstanding any other provisions of law, workforce safety and insurance shall contract with the office of administrative hearings for the designation of administrative law judges who shall conduct evidentiary hearings and issue final findings of fact, conclusions of law, and orders."); 65-04-32(6) ("An employer may appeal a posthearing administrative order to district court in accordance with chapter 65-10. Chapter 65-10 does not preclude the organization from appealing to district court a final order issued by a hearing officer under this title."); s*ee also* N.D.C.C. §§ 28-32-01(2) ("'Administrative agency' or 'agency' means each board, bureau, commission, department, or other administrative unit of the executive branch of state government, including one or more officers, employees, or other persons directly or indirectly purporting to act on behalf or under authority of the agency."); 28-32-39(2) ("If the agency head, or another person authorized by the agency head or by law to issue a final order, is presiding, the order issued is the final order."). Moreover, in reviewing an independent ALJ's final order under N.D.C.C. § 65-02-22.1, courts apply the same deferential standard to review an independent ALJ's factual findings as is generally used for agency decisions not involving an independent ALJ. *See Larry's On Site Welding*, 2014 ND 81, ¶ 13.

[¶23] Here, in awarding attorney's fees and costs, the district court found WSI had acted without "substantial justification" because WSI's order did not have a reasonable basis in law. To support this finding, the court pointed out that the court had "concluded more than half of the facts listed by WSI favor an independent contractor status" and, as such, a reasonable person "could not think a determination of employee status is correct."

[¶24] This case involves a fact-driven analysis of a multitude of factors to determine whether a worker is properly classified as an employee or an independent contractor. The parties' competing arguments for either classification could be made in good faith in this case, and the ALJ's final order, which WSI appealed to the district court, had reversed WSI's earlier administrative order and concluded the factors favored independent contractor status. While WSI may not have ultimately been correct in its position, this case does not demonstrate the "rare" instance of an agency acting without

9

"substantial justification." Although WSI did not ultimately prevail, WSI's positions have a reasonable basis in law and fact.

[¶25] We conclude the district court abused its discretion in determining WSI acted without "substantial justification." *See Drayton*, 2008 ND 178, ¶ 39; *Peterson v. N.D. Dep't of Transp.*, 518 N.W.2d 690, 696 (N.D. 1994); *Aggie Invs. GP v. Pub. Serv. Comm'n*, 470 N.W.2d 805, 814 (N.D. 1991). We reverse the court's award of attorney's fees.

## VI

[¶26] We affirm the court's judgment affirming the decision of the ALJ and reverse the award of attorney's fees.

[¶27] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte