2004 ND 65

**Curtis D. JUNDT, Plaintiff and Appellant,**

v.

**JURASSIC RESOURCES DEVELOPMENT, NORTH AMERICA, L.L.C., a North Dakota limited liability company, Missouri River Royalty Corp., Rainbow Gas Company, Rainbow Energy Marketing Corp., Defendants and Appellees,**

**and**

**Loren R. Kopseng, Defendant.**

**No. 20030216.**

Supreme Court of North Dakota.

March 26, 2004.

Daniel S. Kuntz (argued) and James S. Hill (appeared), Zuger Kirmis & Smith, Bismarck, ND, for plaintiff and appellant.

Sheldon A. Smith (argued) and Scott K. Porsborg (appeared), Smith Bakke Oppegard Porsborg Wolf, Bismarck, ND, for defendants and appellees.

KAPSNER, Justice.

[¶ 1] Curtis D. Jundt appealed the judgment after remand in his action against Jurassic Resources Development, North America, L.L.C., a North Dakota limited liability company ("Jurassic"); Missouri River Royalty Corporation; Rainbow Gas Company; Rainbow Energy Market-ing Corporation; and Loren R. Kopseng. We affirm in part and reverse in part.

## I

[¶ 2] Jundt became an employee of Rainbow Gas Company in 1997. In 1998, Jundt and Kopseng formed Jurassic, the original members of which were Missouri River Royalty Corporation, Rainbow Gas Company, and Rainbow Energy Marketing Corporation. An after-payout statement authorized issuance to Jundt of 32.833 percent of the membership units in Jurassic after payment of certain capital contributions and interest. Jundt left Jurassic in 1999 and sued to enforce his right to membership units of Jurassic. At a hearing on November 28, 2000, the defendants said they were prepared to give Jundt his membership interest units. The trial court then ordered it. Jundt was issued a membership certificate dated March 9, 2000. The court ordered the corporate defendants to cancel Jundt's membership units and pay him $300,000, and it determined Jundt was not entitled to any tax write-offs flowing from his interest in Jurassic. Judgment was entered accordingly. On appeal, this Court reversed the district court judgment "to the extent it ordered cancellation of Jundt's membership interest units in Jurassic, ordered payment of $300,000 to Jundt, and denied Jundt's claim to tax write-offs." *Jundt v. Jurassic Res. Dev. N. Am., L.L.C.,* 2003 ND 9, ¶ 28, 656 N.W.2d 15.

[¶ 3] The judgment entered on remand provided that Jundt take nothing, dismissed the action, and awarded the defendants costs and disbursements of $33,877.50. Jundt appealed, contending (1) the court erred in denying him tax benefits lost to him prior to March 9, 2000, when he received his membership units; (2) the court erred in allowing the defendants to recover $1,352 for appendix pho-

tocopies filed in the earlier appeal; (3) the court erred in awarding costs of $25,791.60 to the defendants in connection with their N.D.R.Civ.P. 68 offer of settlement; and (4) the judgment incorrectly provided that Jundt take nothing, as his claim for issuance of his membership interest in Jurassic had been granted.

## II

[¶ 4] After our remand, Jundt sought damages of $106,192 for the value of the tax write-offs he claimed Jurassic owed him from February 1, 1999, when he asserts his ownership interest units should have been issued to him, to March 9, 2000, when they were issued to him.

[¶ 5] The trial court denied Jundt's request for the value of tax write-offs due him from February 1, 1999, to March 9, 2000, explaining:

Jundt filed a Motion for Order on Remand and Supporting Brief in which he asked the Court to grant him damages in the amount of $106,192 for the value based on his calculations of the value of the write-offs he claims Jurassic owes him from February 1, 1999, the date he claims his 4,925 ownership interests should have been issued to him, until March 9, 2000, when they were issued to him.... Although in its brief Jurassic states Jundt should never have been issued his 4,925 ownership units, it nevertheless essentially concedes he does have them and he can keep them.

At the hearing on June 2, 2003, the Court heard and considered the arguments of counsel, having read their briefs and having re-read the Supreme Court's opinion.... The Court noted that in its Findings of Fact it has specifically found Jundt received his 4,925 ownership units as of March 9, 2000. Since Jurassic has provided Jundt with his tax write-offs beginning March 9,

2000, the date he received his ownership interests, and since the date of March 9, 2000, was not contested on appeal, this Court finds Jundt has received all the tax write-offs he is entitled to receive, and that he is not entitled to any write-offs from February 1, 1999, to March 9, 2000, as the date the Court found he was entitled to his ownership units was effectively affirmed by our Supreme Court.

[¶ 6] Under the doctrine of res judicata, a valid, existing final judgment from a court of competent jurisdiction is conclusive on the parties and their privies in all other actions with regard to the issues raised, or those that could have been raised, and determined therein. *Mead v. Farmers Union Mut. Ins. Co.*, 2000 ND 139, ¶ 15, 613 N.W.2d 512. The law of the case doctrine "is based upon the theory of res judicata," *Muhlhauser v. Becker*, 74 N.D. 103, 121, 20 N.W.2d 353, 362 (1945), and "is grounded on judicial economy to prevent piecemeal and unnecessary appeals," *Robertson v. North Dakota Workers Comp. Bureau*, 2000 ND 167, ¶ 18, 616 N.W.2d 844.

[¶ 7] We described the law of the case doctrine in *Tom Beuchler Constr., Inc. v. City of Williston*, 413 N.W.2d 336, 339 (N.D.1987):

Although, as generally used, the law of the case is defined as "the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same" [Black's Law Dictionary (1979)], we believe that the doctrine is broader than stated. Rather, the law of the case encompasses not only those issues decided on the first appeal, but also those issues decided by the trial

court prior to the first appeal which were not presented for review at the first appeal.

Thus, this Court "will not hear on a second appeal what could have been presented in the prior appeal." *Tom Beuchler Constr., Inc.*, at 339. *See also Jennings v. Shipp*, 148 N.W.2d 330, 331 (N.D.1966) (stating a party "cannot, upon appeal from the Judgment on Remittitur present issues which were resolved by this court in the first appeal or which would have been resolved had they been presented").

[¶ 8] Jundt asserts "the district court never made a finding following trial, expressly or impliedly, of whether Jundt was entitled to his membership interest prior to March 9, 2000." At a hearing on November 28, 2000, the defendants said they were prepared to give Jundt his membership interest units. The trial court then ordered it. Jundt was issued a membership certificate dated March 9, 2000, which the trial court recognized in its amended memorandum opinion and unchanged findings of fact, conclusions of law, and order for judgment, when it found:

> 5. The defendants acknowledged the plaintiff was entitled to his 4,925 membership interest units in Jurassic Resources Development North America, L.L.C., a North Dakota Limited Liability Company, effective March 9, 2000.

As we recognized in our decision in the earlier appeal, the trial court decided Jundt's ownership interest in Jurassic began March 9, 2000:

> The court explained in its memorandum opinion:
>
> Jundt as the owner of 4,925 units of Jurassic since March 9, 2000 (Exhibit 436), claims he should have received (and presumably should continue receiving) about one-third of the tax benefits

claimed by the three corporate defendants.

*Jundt*, 2003 ND 9, ¶ 19, 656 N.W.2d 15.

[¶ 9] In his brief in the first appeal, Jundt stated the Jurassic defendants "issued his membership certificate on March 9, 2000. . . . The litigation thereafter narrowed to determining the appropriate remedy for ending the relationship between Jundt and the Jurassic Defendants, including a determination of Jurassic's value." Although Jundt asserted as a fact in his brief in the earlier appeal that he should have received his membership interest on February 1, 1999, he did not raise the date he should have received his membership interest units, if different than when he did receive them, as an issue in the first appeal. We conclude the determination that Jundt's ownership interest in Jurassic began March 9, 2000, is the law of the case, and Jundt may not now raise as an issue whether he should have received his ownership interest units on February 1, 1999.

### III

■ [¶ 10] The trial court ordered Jundt to pay costs on appeal under N.D.R.App.P. 39, in the amount of $8,085.90, which included a presumed cost of $100 for the appellants' brief in the earlier appeal and the cost of appendix photocopies in the amount of $1,352.

[¶ 11] Prior to its amendment on March 1, 2003, N.D.R.App.P. 39(e) provided:

> *(e) Costs on Appeal in Civil Cases Taxable in the Trial Court.* Costs incurred in the preparation and transmission of the record, the costs of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for costs of supersedeas bonds or other bonds to preserve rights pending appeal, the reasonable and necessary costs of preparing briefs under the rules

(presumed to be $100.00 for appellant's brief and $75.00 for appellee's brief), and the fee for filing the notice of appeal shall be taxed in the trial court as costs of the appeal in favor of the party entitled to costs under this rule.

The rule did not contain any provision for awarding the cost of appendix photocopies. We conclude the trial court erred in awarding $1,352 for the cost of appendix photocopies.

IV

[¶ 12] Jundt contends the trial court erred in awarding costs of $25,791.60 to the defendants in connection with their offer of settlement under N.D.R.Civ.P. 68.

[¶ 13] On April 12, 2001, the defendants made a N.D.R.Civ.P. 68 offer of settlement. Jundt did not accept the offer. The trial court's initial judgment ordered the defendants to cancel Jundt's membership units in Jurassic and pay him $300,000. This Court reversed those provisions of the judgment. *Jundt*, 2003 ND 9, ¶ 28, 656 N.W.2d 15. The judgment entered on remand ordered that Jundt "take nothing," dismissed his action, and awarded the defendants costs of $25,791.60 under N.D.R.Civ.P. 68.

[¶ 14] Rule 68, N.D.R.Civ.P., provides, in part:

(a) *Offer of Settlement.* At any time more than 10 days before the trial begins, any party may serve upon an adverse party an offer, denominated as an offer under this rule, to settle a claim for the money or property or to the effect specified in the offer. . . . An offer not accepted is deemed withdrawn. . . . If the judgment is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

The Explanatory Note states "Subdivision (a) is similar to Fed.R.Civ.P. 68." Because of that similarity, we may "consider feder-

al precedent on this issue." *State v. Farzaneh*, 468 N.W.2d 638, 641 (N.D.1991).

[¶ 15] The purpose of Fed.R.Civ.P. 68 is to encourage settlement of litigation. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). Rule 68 provides "a disincentive for plaintiffs from continuing to litigate a case after being presented with a reasonable offer," *Payne v. Milwaukee County*, 288 F.3d 1021, 1024 (7th Cir.2002), and "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits," *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

[¶ 16] A "defendant is the master of the terms of the offer." 12 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure: Civil 2d* § 3002, p. 94 (1997). A defendant "cannot invoke Rule 68 with an ambiguous offer." *Arkla Energy Res. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 867 (10th Cir.1993). A Rule 68 "offeree must know what is being offered in order to be responsible for refusing the offer." *Id.* A Rule 68 settlement offer must present "a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer." *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1076 (7th Cir.1999). To trigger the mandatory cost-shifting provision, a defendant seeking costs under Rule 68 must show that the offer was more favorable than the judgment. *Gavoni*, at 1075–76.

[¶ 17] The defendants' N.D.R.Civ.P. 68 offer of settlement in this case provided, in part:

1. The plaintiff, Curtis D. Jundt, dismisses with prejudice all causes of action against defendants . . . in this litigation

and execute a release for same, including a defense and indemnity agreement.

2. The defendants ... offer to the plaintiff, the sum of Two Hundred Fifty Thousand Dollars and No Cents ($250,-000.00) total, said offer including costs incurred by plaintiff to the date of this offer, for *all of plaintiff's claims.*

Although the defendants' Rule 68 offer required Jundt to "execute a release ... including a defense and indemnity agreement," the terms of the "defense and indemnity agreement" were not included with the offer. The presence of that undefined condition rendered the offer one without "a clear baseline from which" Jundt could "evaluate the merits of [his] case relative to the value of the offer." *Gavoni,* 164 F.3d at 1076. Because of that undefined condition, we conclude the defendants have not shown their offer was more favorable than the judgment, and they were, therefore, not entitled to costs under N.D.R.Civ.P. 68.

### V

[¶ 18] Jundt contends the judgment incorrectly provides that Jundt "take nothing" from the action, asserting his "claim of relief for specific performance for issuance of his membership interest in Jurassic ... was granted by the district court." At a hearing on November 28, 2000, the defendants said they would give Jundt his membership interest units and the trial court then said it would order it. Thus, the initial judgment did not give Jundt his membership units; the defendants did. The trial court recognized that in its findings of fact. Although Jundt's ownership of his membership units in Jurassic is not stated in the judgment, the defendants have recognized in their brief that "Jundt is in possession of his membership interests in" Jurassic, that "Jundt's shares are personal property," and that the defendants cannot "cancel that property inter-

est." We conclude Jundt has not shown that the judgment contains an error requiring correction with regard to his membership interest in Jurassic.

### VI

[¶ 19] The judgment is reversed to the extent it awards the defendants $1,352 in costs for appendix photocopies in the earlier appeal, reversed to the extent it awards the defendants $25,791.60 in costs under N.D.R.Civ.P. 68, and is otherwise affirmed.

[¶ 20] DALE V. SANDSTROM, Acting C.J., EVERETT NELS OLSON, S.J., CAROL RONNING KAPSNER, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.

[¶ 21] The Honorable EVERETT NELS OLSON, S.J., sitting in place of VANDE WALLE, C.J., disqualified.