Filed 8/17/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 153

Cynthia Kortum and 

Cynthia Kortum Enterprises, LTD., Plaintiffs and Appellants

v.

Steve Johnson, Theresa Johnson, 

Tracy Martin, Michelle Radke-Hella 

and Independent Family Doctors, LTD., Defendants and Appellees

No. 20090275

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Craig E. Johnson and Brent C. Johnson, 15 9th Street South, Fargo, N.D. 58103-1830, for plaintiffs and appellants.

Sara Kaye Sorenson, P.O. Box 458, West Fargo, N.D. 58078-0458, for defendants and appellees.

Kortum v. Johnson

No. 20090275

Crothers, Justice.

[¶1] Cynthia Kortum and Cynthia Kortum Enterprises, Ltd. (“Kortum”), appeal from a district court judgment dismissing their complaint and ordering Kortum to sell back her shares in Independent Family Doctors, Ltd., to the corporation.  We affirm.

I

[¶2] In 2002, Cynthia Kortum, Steve Johnson, Theresa Johnson, Tracy Martin, and Michelle Radke-Hella, who were all physicians, incorporated Independent Family Doctors, Ltd., a medical clinic housing their medical practices.  Each of the physicians was issued 5,000 shares in the corporation.  They executed a buy-sell agreement which provided that, upon voluntary or involuntary termination of a shareholder’s employment with the corporation, the shareholder would be required to sell his or her shares back to the corporation for an amount specified in the agreement.  In December 2005, Kortum’s employment with the corporation was terminated by the other shareholders.  The other shareholders offered to repurchase her shares under the buy-sell agreement, but Kortum refused.  

[¶3] Kortum sued the other shareholders and the corporation, alleging that she had been wrongfully expelled from the corporation and that the other shareholders had acted in a manner unfairly prejudicial to her and breached the fiduciary duty they owed her as a shareholder in a close corporation.  
See
 N.D.C.C. § 10-19.1-

115(1)(b)(3).  The other shareholders and the corporation answered and counterclaimed, denying any wrongdoing and seeking a judgment requiring Kortum to sell her shares back to the corporation in accordance with the buy-sell agreement.  The case was tried to the district court, which “found that Kortum was an at-will employee” and that “[she] bargained away any rights she had to a breach of fiduciary duty claim by signing the [buy-sell] [a]greement,” which anticipated that the shareholders’ employment could be terminated.  
See
 
Kortum v. Johnson
, 2008 ND 154, ¶ 12, 755 N.W.2d 432.  The district court concluded that the agreement provided Kortum’s remedy and that she was required to sell her shares to the corporation.  
Id.
  The district court therefore entered judgment dismissing Kortum’s complaint, awarding costs and disbursements to the other shareholders and the corporation, and ordering Kortum to sell her shares to the corporation for $1.  
Id.
  

[¶4] Kortum appealed, arguing she was entitled to relief under the Business Corporations Act, N.D.C.C. ch. 10-19.1, and the district court had misinterpreted  the stock purchase price provisions in the buy-sell agreement.  
Kortum
, 2008 ND 154, ¶ 13, 755 N.W.2d 432.  A majority of this Court held that the other shareholders owed Kortum a fiduciary duty and that the district court had failed to make required findings on whether Kortum had a reasonable expectation of continued employment and whether the other shareholders had acted in a manner unfairly prejudicial to Kortum, entitling her to relief under N.D.C.C. § 10-19.1-

115(1)(b)(3).  
See
 
Kortum
, at ¶¶ 41-42, 53.  This Court therefore reversed and remanded for further findings of fact.  
See
 
id.
 at ¶¶ 42, 53.  A majority of the Court also determined that the district court had misinterpreted the share price provision of the buy-sell agreement and that Kortum was entitled to $200, not $1, for her shares if the buy-sell agreement applied.  The Court directed that, if the district court on remand again concluded Kortum was not entitled to relief under N.D.C.C. § 10-19.1-

115(1)(b)(3), Kortum would be entitled to $200 for her 5,000 shares of stock in the corporation.  
Kortum
, at ¶¶ 51-52.

[¶5] The district court held a supplemental hearing on remand and made additional findings, determining that the provisions in the buy-sell agreement reflected the parties’ reasonable expectations at the venture’s inception regarding Kortum’s expectation of continued employment or status as a shareholder; that Kortum did not have a reasonable expectation of continued employment and return on her investment; that the other shareholders had not acted in a manner unfairly prejudicial toward Kortum when she was terminated as an employee and shareholder; that there was a legitimate business purpose for terminating Kortum; and that the shareholders had not breached any fiduciary duty owed to Kortum.  Judgment was entered dismissing Kortum’s complaint, ordering Kortum to sell her shares to the corporation for $200, and awarding costs and disbursements to the other shareholders and the corporation. 

II

[¶6] Kortum raises numerous issues on this appeal which are premised upon her assertion that she continued to be a shareholder in the corporation after her employment was terminated in December 2005 and that she is in fact still a shareholder.  Thus, she argues the district court erred in determining her status as a shareholder terminated when her employment was terminated; as a shareholder, she was entitled to request revaluation of the corporate stock after her employment was terminated; as a shareholder, she is entitled to an accounting for distribution of corporate profits; and the other shareholders have breached their fiduciary duty owed to her as a continuing shareholder.

[¶7] Kortum did not raise these issues and arguments in her first appeal.  Kortum’s arguments in that case were premised upon her contention that she had a reasonable expectation of continued employment and resulting return on investment, and that the other shareholders acted in a manner unfairly prejudicial to her when they terminated her employment, thereby entitling her to damages under N.D.C.C. § 10-

19.1-115(1)(b)(3).  Although a majority of this Court agreed with Kortum that the district court had erred in concluding she had bargained away any fiduciary duty claims by signing the buy-sell agreement, 
see
 
Kortum
, 2008 ND 154, ¶¶ 36-37, 53, 755 N.W.2d 432, the Court limited the scope of the remand to further fact-finding on the delineated issues:

“We cannot conclude, as a matter of law, whether Kortum was entitled to relief under N.D.C.C. § 10-19.1-115.  The district court did not make findings necessary to the determination of whether the Shareholders acted in a manner unfairly prejudicial to Kortum.  The district court made no finding regarding whether the Shareholders breached the fiduciary duty owed Kortum.  The district court did not make any findings regarding whether the Agreement reflects the parties’ reasonable expectations at the venture’s inception.  It did not make any findings regarding whether Kortum had a reasonable expectation of continued employment and return on her investment, and, if so, whether that expectation was frustrated by the Shareholders or whether they demonstrated a legitimate business purpose for their action.  The district court’s decision was induced by an erroneous view of the law which led to an absence of findings on Kortum’s claims under N.D.C.C. ch. 10-19.1. 

“We, therefore, reverse and remand for further fact-finding and application of N.D.C.C. ch. 10-19.1 to Kortum’s claims.”

Kortum
, at ¶¶ 41-42.

[¶8] The district court appropriately followed this Court’s directions and made additional findings within the intended scope of the remand.  The court specifically found that the buy-sell agreement reflected the parties’ reasonable expectations regarding continued employment; that Kortum did not have a reasonable expectation of continued employment; and that the other shareholders had a legitimate business purpose for terminating Kortum’s employment and did not act in an unfairly prejudicial manner or breach any fiduciary duty owed to her.  Kortum now concedes the other shareholders had legitimate business reasons for terminating her employment, but now attempts to premise her arguments on this appeal on the new assertion that, even though her status as an employee was terminated, she still remained a shareholder in the corporation after her termination and her refusal to sell back her shares in December 2005.  These issues are clearly beyond the scope of the remand ordered by a majority of the Court in the first appeal.  Issues which are beyond the scope of a remand in a prior appeal will not be addressed in a subsequent appeal after remand.  
See
 
Farm Credit Bank of St. Paul v. Brakke
, 512 N.W.2d 718, 722 (N.D. 1994); 
In re Will of Rub
, 510 N.W.2d 583, 584 (N.D. 1994).  

[¶9] “The law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings.”  
Frisk v. Frisk
, 2006 ND 165, ¶ 14, 719 N.W.2d 332.  Under the law of the case doctrine, “[a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal.”  
State ex rel. Dep’t of Labor v. Riemers
, 2010 ND 43, ¶ 11, 779 N.W.2d 649; 
see also
 
Frisk
, at ¶ 14; 
Jundt v. Jurassic Res. Dev., N. Am., L.L.C.
, 2004 ND 65, ¶ 7, 677 N.W.2d 209; 
Tom Beuchler Constr., Inc. v. City of Williston
, 413 N.W.2d 336, 339 (N.D. 1987).

[¶10] We decline to address the issues raised by Kortum which were beyond the scope of the remand in the first appeal and which could have been raised in the first appeal.

III

[¶11] Kortum contends the district court erred in ordering her to pay costs and disbursements incurred in the original trial in this case.  After the original trial, the district court ordered Kortum to pay $342 in costs and disbursements.  After the supplemental hearing on remand, the other shareholders and the corporation again requested $342 in costs and disbursements, and the court ordered Kortum to pay that amount.  Kortum contends that, under this Court’s holding in 
Nesvig v. Nesvig
, 2006 ND 66, 712 N.W.2d 299, the other shareholders and the corporation were not the prevailing parties at the first trial because the resulting judgment was reversed on appeal and that she should not be responsible for costs and disbursements incurred at the original trial.  
See
 N.D.C.C. § 28-26-06 (costs and disbursements are taxed “in favor of the prevailing party”).  

[¶12] 
Nesvig
 presented a significantly different procedural posture than this case.  In 
Nesvig
, the defendant prevailed at the first jury trial.  2006 ND 66, ¶ 4, 712 N.W.2d 299.  The judgment, however, was reversed on appeal and a new trial was ordered because the jury instructions did not correctly and adequately advise the jury of the law.  
Id.
 at ¶ 5.  After a second full jury trial, the defendant again prevailed.  
Id.
 The plaintiff appealed and the defendant cross-appealed, arguing the district court erred in not awarding him costs and disbursements for both the first and second trials.  We concluded that the plaintiff, who had lost the first trial but succeeded in securing a new trial on appeal, and who was not at fault for the conduct requiring reversal and a new trial, should not be required to bear the costs of both trials, but was responsible for the costs and disbursements in the second trial.  
See
 
id.
 at ¶ 38.

[¶13] 
Nesvig
 is not controlling.  In 
Nesvig
, the reversal on appeal necessitated an entirely new, entirely separate jury trial.  In this case, however, separate “first” and “second” trials did not occur.  The original judgment was reversed with a limited remand for additional findings of fact.  The district court held a supplemental hearing on remand at which only two witnesses testified.  The district court’s amended findings of fact and conclusions of law were based upon the testimony at the original trial as well as the supplemental testimony.  Under these circumstances, the rule of 
Nesvig
 does not apply.  There was, in effect, only one trial, and the other shareholders and the corporation were the prevailing parties at that trial.  Under these circumstances, the district court properly concluded the other shareholders were entitled to an award of costs and disbursements incurred at the original trial.  

IV

[¶14] The judgment of the district court is affirmed.

[¶15] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.