Filed 10/1/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 203

Merwin Carlson, Appellant

v.

Workforce Safety and Insurance 

and GMR Transportation, Inc., Appellees

No. 20110163

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John Charles Irby, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Bruce A. Schoenwald, P.O. Box 1287, Moorhead, Minn. 56561-1287, for appellant.

Jacqueline Sue Anderson, Special Assistant Attorney General, P.O. Box 2626, Fargo, N.D. 58108-2626, for appellee Workforce Safety and Insurance.

Timothy George Richard, P.O. Box 6017, Fargo, N.D. 58108-6017, for appellee GMR Transportation, Inc.

C. Nicholas Vogel, P.O. Box 1389, Fargo, N.D. 58107-1389, for amicus curiae American Trucking Associations and North Dakota Motor Carriers Association.

Carlson v. Workforce Safety and Insurance

No. 20110163

Crothers, Justice.

[¶1] Merwin Carlson appeals from a judgment affirming a Workforce Safety and Insurance (“WSI”) decision denying his claim for workers’ compensation benefits after remand in 
Carlson v. Workforce Safety & Ins.
, 2009 ND 87, 765 N.W.2d 691 (“
Carlson I
”).  Under 
Carlson I
 and the law of the case, we hold an administrative law judge (“ALJ”) erred in concluding WSI properly exercised its continuing jurisdiction under N.D.C.C. § 65-05-04 to deny Carlson benefits on remand.  We reverse and remand for WSI to award Carlson benefits based on the ALJ’s calculation that Carlson’s average weekly wage was $722.

I

[¶2] Relevant facts in this case are set forth in 
Carlson I
, and will not be repeated except as necessary to resolve the issues raised in this appeal.

[¶3] Carlson was injured in an out-of-state traffic accident on July 8, 2005, while hauling freight as an over-the-road trucker under contract with GMR.  
Carlson I
, 2009 ND 87, ¶ 2, 765 N.W.2d 691.  Carlson filed a claim with WSI for benefits on July 5, 2006, identifying GMR as his employer.  
Id.
  GMR submitted a WSI form with employer information stating Carlson was not an employee but was instead an independent contractor.  
Id.
  On October 3, 2006, WSI issued a notice of decision finding Carlson was a GMR employee at the time of the accident and awarded him benefits based on an average weekly wage of $252.  
Id.

[¶4] GMR thereafter notified WSI that Ohio attorneys would serve as its “special counsel” for Carlson’s claim.  In late October 2006, the Ohio attorneys, who were neither licensed to practice law in North Dakota nor admitted pro hac vice at the time, requested reconsideration of WSI’s October 3, 2006 decision.  In November 2006, the Ohio attorneys submitted legal briefs and additional documents to WSI, supporting GMR’s reconsideration request and arguing Carlson was an independent contractor.  
Id.
 at ¶ 3.  Based on that additional information, WSI issued a notice of decision in January 2007, reversing the October 3, 2006 decision and denying Carlson benefits.  
Id.
 at ¶ 4.  WSI concluded Carlson was, in fact, an independent contractor and ordered him to repay the benefits WSI had already paid him.  
Id.

[¶5] Carlson requested reconsideration, arguing he was GMR’s employee and WSI had improperly accepted GMR’s reconsideration request because its attorneys were not licensed to practice law in North Dakota.  
Id.
  In February 2007, WSI issued an order, concluding Carlson was an independent contractor under N.D. Admin. Code § 92-01-02-49 and was not entitled to WSI benefits, and requiring Carlson to repay the previously paid disability and medical benefits.  
Id.
 at ¶ 5.  Carlson requested rehearing under N.D.C.C. § 65-01-16(7).  
Id.
 at ¶ 6.  A North Dakota licensed attorney subsequently filed a notice of appearance on GMR’s behalf and moved for proc hac vice admission for GMR’s Ohio counsel, which Carlson opposed.  
Id.
  An ALJ granted the pro hac vice admission motions and, in deciding several pre-hearing motions, rejected Carlson’s objection to GMR’s reconsideration request by unlicensed attorneys.  
Id.
 at ¶¶ 6-7.  After a September 2007 evidentiary hearing on the merits, the ALJ recommended finding Carlson was an independent contractor and was not entitled to benefits.  
Id.
 at ¶ 8.  WSI adopted the ALJ’s recommendation, and the district court affirmed.  
Id.

[¶6] In 
Carlson I
, Carlson argued WSI erred in deciding GMR’s request for reconsideration because GMR’s request was made by attorneys not authorized to practice law in North Dakota.  2009 ND 87, ¶ 12, 765 N.W.2d 691.  In resolving the issue, we explained, “The issue revolve[d] around a corporate entity’s employment of attorneys not licensed to practice law in North Dakota in the context of the procedure for WSI decisions in N.D.C.C. § 65-01-16 and the standards for the unauthorized practice of law under N.D.R. Prof. Conduct 5.5 and for pro hac vice admission under Admission to Practice R. 3.”  
Carlson I
, at ¶ 13.  We ultimately concluded that because GMR’s nonresident attorneys failed to timely comply with pro hac vice admission requirements, GMR’s reconsideration request by non-attorney agents was void.  
Id.
 at ¶ 34.  Based on GMR’s failure to file any timely and sufficient reconsideration request under N.D.C.C. § 65-01-16(4), we held WSI’s October 3, 2006 notice of decision was final and could not be reheard or appealed.  
Carlson I
, at ¶ 35.  We further held WSI erred in considering GMR’s request for reconsideration.  
Id.
 at ¶ 36.  We remanded for “further proceedings for calculation of Carlson’s average weekly wage” because WSI had not addressed Carlson’s argument that WSI erred in calculating his average weekly wage.  
Id.

[¶7] On remand, however, instead of only addressing Carlson’s average weekly wage calculation, WSI wrote a letter to the parties in July 2009, stating WSI was considering exercising its continuing jurisdiction under N.D.C.C. § 65-05-04 and asking the parties to submit any documentation and argument WSI should consider in evaluating the facts and in reaching a decision.  After further submissions, WSI issued an order on October 2, 2009, concluding WSI had continuing jurisdiction to review an award of benefits under N.D.C.C. § 65-05-04 and deciding WSI had accepted and paid Carlson’s claim in error.

[¶8] In its October 2009 order, WSI again concluded Carlson was an independent contractor, rather than GMR’s employee, using the “common law” test under N.D. Admin. Code § 92-01-02-49.  WSI ordered no further workers’ compensation benefits were payable on the claim beyond those previously awarded and paid.  WSI alternatively concluded that if Carlson was later determined to be GMR’s employee, his average weekly wage was “reasonably and fairly determined to be $252.00 per week.”  WSI further ordered, “Because accepted in error, WSI shall not seek repayment of benefits erroneously paid on this claim.”  Carlson requested a hearing on WSI’s October 2, 2009 order.  A hearing before an ALJ was scheduled for April 6, 2010.

[¶9] Before the hearing, Carlson moved for summary disposition on whether administrative res judicata barred litigation of his employment status, whether Carlson suffered due process violations and whether Carlson was entitled to attorney’s fees under N.D.C.C. § 28-32-50.  Carlson’s counsel also filed a motion to intervene on behalf of Blue Cross Blue Shield of North Dakota, Carlson’s medical insurer, to recover payments of his medical expenses.  On April 5, 2010, the ALJ ruled on Carlson’s pre-hearing motions and denied summary disposition, concluding res judicata did not bar litigation of his status as either an independent contractor or GMR’s employee.  The ALJ denied summary disposition on his claimed violations of due process, concluding that although WSI should have reinstated benefits under its October 3, 2006 decision after 
Carlson I
, Carlson had not established WSI acted in an arbitrary, unreasonable or discriminatory manner.  The ALJ also denied Carlson’s request for attorney’s fees and Blue Cross Blue Shield’s motion to intervene.  The parties subsequently stipulated to the admission into evidence of certain exhibits and the transcript of testimony from the prior hearing, and the ALJ heard testimony from one additional witness.

[¶10] In July 2010, the ALJ issued findings of fact, conclusions of law and an order, deciding the issues remaining after the ALJ’s pre-hearing order.  The ALJ affirmed WSI’s decision that Carlson was an independent contractor and was not entitled to benefits.  The ALJ also concluded Carlson’s average weekly wage was $722, in the event Carlson was later determined to be GMR’s employee.  The ALJ further concluded that WSI’s failure to reinstate Carlson’s benefits after 
Carlson I
 constituted a violation of procedural due process, but that Carlson was not entitled to a net monetary award because the benefits that should have been paid from October 3, 2006 through October 2, 2009 were offset by the amount WSI was entitled to recoup from Carlson under N.D.C.C. § 65-05-29.  Carlson appealed and WSI cross-appealed to the district court.  In April 2011, the district court ultimately issued an order affirming the ALJ’s decision.  A final judgment was entered in June 2011.

II

[¶11] Courts exercise limited review in appeals from decisions by an administrative agency under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32.  
Sloan v. North Dakota Workforce Safety & Ins.
, 2011 ND 194, ¶ 4, 804 N.W.2d 184.  Under N.D.C.C. § 28-32-46, a district court must affirm an administrative agency order unless:

“1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.”

[¶12] We review administrative agency decisions in the same manner as the district court.  N.D.C.C. § 28-32-49.  “In reviewing the agency’s findings of fact, we do not make independent findings or substitute our judgment for the agency’s judgment.”  
Sloan
, 2011 ND 194, ¶ 5, 804 N.W.2d 184.  This Court instead decides “whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record.”  
Id.
  Similar deference is given to an independent ALJ’s factual findings.  
Id.
  No deference is given to an ALJ’s legal conclusions.  
Id.
  “Questions of law, including statutory interpretation, are fully reviewable on appeal.”  
Id.

III

[¶13] Carlson argues that after 
Carlson I
, res judicata and law of the case precluded WSI from reconsidering Carlson’s entitlement to workers compensation benefits under its continuing jurisdiction.  He also argues the proceedings on remand deprived him of due process.  WSI contends res judicata and the law of the case did not preclude WSI from exercising its continuing jurisdiction under N.D.C.C. § 65-05-04 and no due process violations occurred.  We conclude this Court’s decision in 
Carlson I
 and the law of the case doctrine are dispositive of the issues raised in this appeal.

A

[¶14] Initially, we acknowledge WSI has statutory authority to exercise continuing jurisdiction to reopen and review claims.  
See
 N.D.C.C. § 65-05-04; 
Drayton v. Workforce Safety & Ins.
, 2008 ND 178, ¶ 14, 756 N.W.2d 320.  Section 65-05-04, N.D.C.C., provides WSI “at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation.”

[¶15] WSI’s continuing jurisdiction is not without limits where, as in this case, there has been significant prior litigation culminating in our judgment and mandate in 
Carlson I
, with remand only for further proceedings “consistent with th[at] opinion.”  
Cf.
 
Hanson v. North Dakota Workmen’s Comp. Bureau
, 63 N.D. 479, 480, 248 N.W. 680 Syl. 4, 5 (1933) (stating, “[W]here an award has been made by a court and incorporated in a judgment, the continuing jurisdiction of the bureau must be exercised pursuant to and consistent with the judgment rendered and the continuing obligations and duties imposed upon the bureau,” and “[the bureau] may not review a final judgment of award, in so far as such judgment determines the right of the claimant up to the date of the judgment, and correct the same for errors of law inherent in its rendition.”).

[¶16] “Generally, the law of the case is defined as ‘the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same.’”  
Robertson v. North Dakota Workers Comp. Bureau
, 2000 ND 167, ¶ 18, 616 N.W.2d 844 (quotation omitted).  In other words, “[t]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings,” and “[a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal 
or which would have been resolved had they been properly presented in the first appeal
.”  
Kortum v. Johnson
, 2010 ND 153, ¶ 9, 786 N.W.2d 702 (quotations omitted) (emphasis added); 
see also
 
State ex rel. Dep’t of Labor v. Riemers
, 2010 ND 43, ¶ 11, 779 N.W.2d 649; 
Frisk v. Frisk
, 2006 ND 165, ¶ 14, 719 N.W.2d 332; 
Jundt v. Jurassic Res. Dev.
, 2004 ND 65, ¶ 7, 677 N.W.2d 209; 
State v. Burckhard
, 1999 ND 64, ¶ 7, 592 N.W.2d 523; 
Tom Beuchler Constr., Inc. v. City of Williston
, 413 N.W.2d 336, 339 (N.D. 1987).  “The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the [appellate court’s] mandate into effect according to its terms. . . . and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate’s terms.”  
Burckhard
, at ¶ 7 (quotations and citations omitted).

[¶17] In 
Carlson I
, we held GMR had failed to file a timely and sufficient request for reconsideration under N.D.C.C. § 65-01-16(4), and therefore WSI’s October 3, 2006 notice of decision was “final” and could not be “reheard or appealed.”  2009 ND 87, ¶ 35, 765 N.W.2d 691.  Further, in response to WSI’s assertion it could review Carlson’s status “on its own motion under its continuing jurisdiction,” we held  “WSI ha[d] not purported to act under its continuing jurisdiction, and any discussion of WSI’s authority under its continuing jurisdiction would be advisory.”  
Id.
  Thus, because WSI had not acted under its continuing jurisdiction in the proceedings leading to 
Carlson I
, we refused to consider whether WSI could have reviewed Carlson’s status based on any additional information brought to its attention on its own motion under its continuing jurisdiction.

[¶18] Although we held addressing that issue would have been advisory, this was not an invitation for WSI to re-adjudicate Carlson’s employment status on remand.  In fact, in 
Carlson I
, this Court specifically held WSI had erred in even considering GMR’s request for consideration.  2009 ND 87, ¶ 36, 765 N.W.2d 691.  In remanding the case, we authorized only “further proceedings for calculation of Carlson’s average weekly wage” because WSI had not addressed Carlson’s argument that WSI erred in calculating his average weekly wage.  In so stating, this Court after 
Carlson I
 did not remand the case merely for WSI to conduct a hypothetical math exercise and then to hold further proceedings that were in effect a “do-over” of the proceedings leading to 
Carlson I
.

[¶19] We therefore hold WSI’s exercise of continuing jurisdiction was beyond the scope of our remand in the first appeal.  We conclude WSI was bound by this Court’s judgment in 
Carlson I
 and, under the law of the case doctrine, was precluded from using its continuing jurisdiction to re-adjudicate whether Carlson was GMR’s employee.  To the extent the ALJ decided issues raised under WSI’s continuing jurisdiction, we reverse the order.  On remand the ALJ also made alternate findings regarding Carlson’s “average weekly wage” in the event he was subsequently held to be GMR’s employee.

[¶20] Section 65-01-02, N.D.C.C., defines “average weekly wage” and provides various formulas to calculate an employee’s wage:

“5. ‘Average weekly wage’ means the weekly wages the employee was receiving from all employments for which coverage is required or otherwise secured at the date of first disability.  The average weekly wage determined under this subsection must be rounded to the nearest dollar.  If the employee’s wages are not fixed by the week, they must be determined by using the first applicable formula from the schedule below:

a. For seasonal employment, during the first consecutive days of disability up to twenty-eight days the average weekly wage is calculated pursuant to the first applicable formula in subdivisions b through g, and after that are calculated as one-fiftieth of the total wages from all occupations during the twelve months preceding the date of first disability or during the tax year preceding the date of first disability, or an average of the three tax years preceding the date of first disability, whichever is highest and for which accurate, reliable, and complete records are readily available.

b. The ‘average weekly wage’ of a self-employed employer is determined by the following formula:  one fifty-second of the average annual net self-employed earnings reported the three preceding tax years or preceding fifty-two weeks whichever is higher if accurate, reliable, and complete records for those fifty-two weeks are readily available.

c. Hourly or daily rate multiplied by number of hours or days worked per seven-day week.

d. Monthly rate multiplied by twelve months and divided by fifty-two weeks.

e. Biweekly rate divided by two.

f. The usual wage paid other employees engaged in similar occupations.

g. A wage reasonably and fairly approximating the weekly wage lost by the claimant during the period of disability.”

N.D.C.C. § 65-01-02(5).

[¶21] WSI has not argued the ALJ erred in calculating Carlson’s average weekly wage; however, WSI cross-appealed to the district court challenging the ALJ’s decision on the average weekly wage.  While WSI based its average weekly wage calculation on N.D.C.C. § 65-01-02(5)(b), which applies to a “self-employed employer,” the ALJ on remand concluded WSI erred in relying on this subsection because Carlson would receive benefits as an employee, rather than as a self-

employed employer.

[¶22] The ALJ instead applied N.D.C.C. § 65-01-02(5)(f) to calculate Carlson’s average weekly wage and, based on specific evidence, found that the average salary for an employee in Carlson’s occupation was $37,525 and that Carlson’s average weekly wage was $722.  The district court, while concluding it was unnecessary as moot, nonetheless affirmed the ALJ’s decision on Carlson’s average weekly wage.  We conclude the ALJ did not err in applying N.D.C.C. § 65-01-02 and a reasoning mind reasonably could have determined the ALJ’s findings were proven by the weight of the evidence from the entire record.  We therefore affirm the ALJ’s decision determining Carlson’s average weekly wage of $722.

IV

[¶23] Carlson argues he is entitled to attorneys fees under N.D.C.C. § 28-32-50.

[¶24] Section 28-32-50(1), N.D.C.C., requires a court to award reasonable attorney’s fees and costs to a prevailing claimant when the administrative agency has acted without substantial justification.  This “statute requires a claimant to not only prevail, but also to prove the agency acted without substantial justification.”  
Drayton
, 2008 ND 178, ¶ 38, 756 N.W.2d 320; 
Rojas v. Workforce Safety & Ins.
, 2006 ND 221, ¶ 14, 723 N.W.2d 403.  This statute applies “only in ‘rare cases’ if WSI denies or reduces an employee’s benefits without substantial justification.”  
Drayton
, at ¶ 38; 
Rojas
, at ¶¶ 16-17.  “Substantial justification means, justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.”  
Drayton
, at ¶ 38 (quoting 
Rojas
, at ¶ 17).  “The determination whether the agency acted with substantial justification is discretionary with the district court, and we apply an abuse of discretion standard on appeal.”  
Tedford v. Workforce Safety & Ins.
, 2007 ND 142, ¶ 26, 738 N.W.2d 29.

[¶25] Here, the district court concluded WSI had substantial justification in denying benefits and denied Carlson attorney’s fees under N.D.C.C. § 28-32-50.  Although Carlson is entitled to benefits, we note both the ALJ and the district court concluded this Court’s prior decision in 
Carlson I
 permitted WSI to exercise its continuing jurisdiction.  For this reason, we conclude WSI acted with substantial justification because a reasonable person could conclude WSI was justified in exercising continuing jurisdiction to reopen Carlson’s claim and deny benefits.  We therefore hold the court did not abuse its discretion in denying Carlson attorney’s fees under N.D.C.C. § 28-32-50.

V

[¶26] Carlson argues the ALJ erred in not permitting his health insurer to intervene to obtain direct reimbursement from WSI for medical expense payments.  
See
 N.D.C.C. § 28-32-28 (permitting intervention if it “promote[s] the interests of justice” and does “not impair the orderly and prompt conduct of the proceeding”).  Based on our review of the record, we conclude the ALJ did not err denying Carlson’s health insurer’s motion to intervene in these proceedings.

VI

[¶27] We have considered the remaining issues and arguments and deem them to be without merit or unnecessary to our opinion.  We reverse and remand for WSI to award Carlson benefits based on the ALJ’s calculation on remand that Carlson’s average weekly wage was $722.

[¶28] Daniel J. Crothers

Mary Muehlen Maring

Dale V. Sandstrom

Ronald E. Goodman, S.J.

[¶29] The Honorable Ronald E. Goodman, S.J., sitting in place of Kapsner, J., disqualified.

VandeWalle, Chief Justice, dissenting.

[¶30] I respectfully dissent.  Under the unusual circumstances of this case I would not apply the law-of-the-case doctrine.  In 
Carlson v. Workforce Safety & Ins.
, 2009 ND 87, 765 N.W.2d 691 (“
Carlson I
”), we concluded in a lengthy opinion examining the North Dakota Rules of Professional Conduct and the North Dakota Admission to Practice Rules that the request for reconsideration of WSI’s decision that Carlson was an employee rather than an independent contractor by the out-of-state lawyers for GMR Transportation Company was void:

When our rules for the unauthorized practice of law and for pro hac vice admission are construed together in the context of proceedings before WSI and the requirement that a corporation may not be represented by a non-attorney agent in a legal proceeding, we conclude GMR’s nonresident attorneys’ activities in making a request for reconsideration, filing a legal brief, and being designated as counsel in the WSI proceeding were not protected by the safe harbor provisions of N.D.R. Prof. Conduct 5.5(b).  GMR’s nonresident attorneys were required to file a motion for pro hac vice admission under Admission to Practice R. 3(A) within 45 days of their appearance in this agency proceeding.  Because GMR’s nonresident attorneys failed to timely comply with the requirements for pro hac vice admission, we conclude GMR’s request for reconsideration by its non-attorney agents was void.  
See
 
Wetzel
[
v. Schlenvogt
], 2005 ND 190, ¶¶ 12-13, 705 N.W.2d 836; 
Strong
[
v. Gilster Mary Lee Corp.
], 23 S.W.3d [234] at 241-42 [(Mo.Ct.App. 2000)].

Id.
 at ¶ 34.

[¶31] The result of that opinion was to invalidate the decision of WSI that Carlson was an independent contractor rather than an employee.  WSI’s decision was made after an evidentiary hearing on the merits which GMR’s out-of-state lawyers requested.  Our decision in 
Carlson I
 was essentially one of first impression in this State.  It involved a discussion of the practice of law in this setting, including representation of a corporation by a non-lawyer agent, the timeliness of the out-of-

state lawyers’ application for pro hac vice admission, the application of the professional conduct rules and admission to practice rules as well as the procedural rules of practice before WSI, including when a hearing officer had been appointed.  The 2011 Legislative Assembly subsequently amended N.D.C.C. § 65-04-32(2) to provide that the employer is not required to file a request for reconsideration from a WSI decision based on an informal review “through an attorney” thereby negating a portion of our opinion as precedent.  2011 N.D. Sess. Laws ch. 507 § 3.

[¶32] Although in 
Carlson I
 we remanded for further proceedings for calculation of Carlson’s average weekly wage, we also observed that while WSI claimed on appeal it could review Carlson’s status on its own motion under N.D.C.C. § 65-05-04, WSI had not purported to act under its continuing jurisdiction “and any discussion of WSI’s authority under its continuing jurisdiction would be advisory.”  
Carlson I
, at ¶ 35.

[¶33] The continuing jurisdiction of WSI is set forth in N.D.C.C. § 65-05-04:

If the original claim for compensation has been made within the time specified in section 65-05-01, the organization at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation.  There is no appeal from an organization decision not to reopen a claim after the organization’s order on the claim has become final.

[¶34] The statute contains no limitations on that continuing jurisdiction but we have engrafted a limitation through the application of the doctrine of administrative res judicata to WSI decisions entered after a formal adjudicative hearing.  
Cridland v. N.D. Workers Comp. Bur.
, 1997 ND 223, 571 N.W.2d 351.  Although I believe the application of the law-of-the-case doctrine may also be justified in certain instances, in light of the plain wording of N.D.C.C. § 65-05-04, we should, as we stated in 
Cridland
, apply the doctrine “more circumspectly.”  
Cridland
, at ¶ 18.  Here, in light of the circumstances in 
Carlson I
 involving questions of essentially first impression in this State, I would not apply the law-of-the-case doctrine.

[¶35] Because I believe WSI correctly concluded Carlson was an independent contractor, I would affirm the judgment affirming the decision of WSI denying Carlson’s claim for workers’ compensation benefits.

[¶36] Gerald W. VandeWalle, C.J.