Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 14

Sandra A. Glass, Plaintiff and Appellant

v.

James K. Glass, Defendant and Appellee

No. 20170283

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

David A. Garaas, Fargo, North Dakota, for plaintiff and appellant.

Patti J. Jensen, East Grand Forks, Minnesota, for defendant and appellee.

Glass v. Glass

No. 20170283

 

Tufte, Justice.

[¶1] Sandra Glass Lenertz (“Lenertz”) appeals the district court’s order granting James Glass’s Motion for Deposit of Funds With Court and for Satisfaction of Judgment.  We affirm under the law of the case doctrine.

 

I

[¶2] In 1996, James Glass (“Glass”) and Lenertz divorced.  The divorce judgment required Glass to pay spousal support.  Lenertz remarried in 2002.  In 2015, Glass filed a motion to terminate his spousal support obligation.  The district court granted Glass’s motion and terminated spousal support at the time of Lenertz’s remarriage.  The district court also granted Lenertz a judgment for $26,903.37 because this was the amount that the court determined Glass owed on unpaid spousal support.  Glass only started paying spousal support in 2001; thus he was behind on payments and interest.  On the basis of the order granting the motion to terminate spousal support (“Termination Order”), the district court issued an Amended Judgment and Decree (“Amended Judgment”), which granted Lenertz the money judgment of $26,903.37.  Lenertz appealed the Amended Judgment to this Court, arguing that spousal support should not have been terminated.  We affirmed the Amended Judgment.  
See Glass v. Glass
, 2017 ND 17, 889 N.W.2d 885.

[¶3] Glass attempted to satisfy the money judgment by paying Lenertz and obtaining a final satisfaction of judgment.  Lenertz refused to accept the $26,903.37 payment because 1) it was conditioned on her signing a final satisfaction of judgment, which she claimed would preclude her from appealing, and 2) the amount did not include post-judgment interest.  Glass moved the district court to deposit the $26,903.37 payment with the clerk of court.  At the motion hearing, the district court concluded that the amount owed was interest, not principal, and thus post-judgment interest did not accrue.  Further, the district court ordered that Glass be allowed to deposit the funds into the court and that a full satisfaction be provided.  The district court issued a written order to the same effect (“Deposit Order”).  Glass deposited the funds with the clerk of court.  Lenertz appeals the Deposit Order.

 

II

[¶4] Lenertz argues that the judgment of $26,903.37 awarded to her in the Termination Order is principal and thus she is owed post-judgment interest on that amount.  Glass argues that because Lenertz did not raise this issue in her appeal of the Amended Judgment, this argument is barred by the law of the case doctrine.

[¶5] “Under the doctrine of res judicata, a valid, existing final judgment from a court of competent jurisdiction is conclusive on the parties . . . in all other actions with regard to the issues raised, or those that could have been raised, and determined therein.”  
Jundt v. Jurassic Res. Dev., N. Am., L.L.C.
, 2004 ND 65, ¶ 6, 677 N.W.2d 209.  “The law of the case doctrine is based upon the theory of res judicata, and is grounded on judicial economy to prevent piecemeal and unnecessary appeals.”  
Id. 
(citations and quotations omitted). 
 
In general, the law of the case doctrine applies “when an appellate court has decided a legal question and remanded to the district court for further proceedings.”  
Frisk v. Frisk
, 2006 ND 165, ¶ 14, 719 N.W.2d 332.  We have previously stated that we view the doctrine more broadly:  “the law of the case encompasses not only those issues decided on the first appeal, but also those issues decided by the trial court prior to the first appeal which were not presented for review at the first appeal.”  
Tom Beuchler Constr., Inc. v. City of Williston
, 413 N.W.2d 336, 339 (N.D. 1987).  Therefore, “we will not hear on a second appeal what could have been presented in the prior appeal.”  
Id.

[¶6] Lenertz argues that the Termination Order awarded her principal and that the district court was incorrect in classifying the money judgment as interest in the motion hearing.  For support, Lenertz relies on the table in paragraph eleven of the Termination Order, which shows that the unpaid interest is reduced before the unpaid principal.  This is supported by the sentence under the table, which states, “As displayed by the table, all payments were first applied to interest, and the remainder applied to the principal.”  The table indicates the following for the last payment period of 2015:  unpaid principal was $25,786.80, unpaid interest was $1,116.57, and the unpaid total was $26,903.37.

[¶7] The Amended Judgment states, “In accordance with the Court’s Order Terminating Spousal Support, [Lenertz] is entitled to interest on any spousal support arrearages beginning September 1, 2005, and ending August 31, 2015.  As and for that interest, [Lenertz] is awarded a money judgment from [Glass] in the sum of $26,903.37.”  To the extent that there is conflict between the Amended Judgment and the Termination Order, the Amended Judgment controls.  
See Serr v. Serr
, 2008 ND 56, ¶ 12, 746 N.W.2d 416 (stating that “if there is a conflict between a judgment and an order for judgment, the judgment controls”).

[¶8] Lenertz appealed the Amended Judgment to this Court, arguing that spousal support should not have been terminated.  
See Glass v. Glass
, 2017 ND 17, 889 N.W.2d 885.  Lenertz, however, did not argue that in the event the spousal support is terminated, the $26,903.37 money judgment was erroneously awarded “[a]s and for that interest” rather than as outstanding principal subject to further accrual of post-judgment interest.  Because Lenertz could have raised this issue on the first appeal, we conclude that Lenertz is barred under the law of the case from asserting it now.

 

III

[¶9] We affirm the district court’s order granting James Glass’s Motion for Deposit of Funds With Court and for Satisfaction of Judgment.

[¶10] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Gerald W. VandeWalle, C.J.